**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DESHON BAYLESS
& ANGELIA PAGE**                                                                      **PLAINTIFFS**

**V.**                                        **CIVIL ACTION NO.: 2:23-cv-00059-HSO-BWR**

**JONES COUNTY, MISSISSIPPI, SHERIFF JOE BERLIN
CAPTAIN VINCE WILLIAMS, DEPUTY ANDREW YATES,
DEPUTY CHASE SMITH, SERGEANT JAKE DRISKELL,
& DOE OFFICERS 1-6**                                                       **DEFENDANTS**

**JONES COUNTY, MISSISSIPPI, AND SHERIFF
<u>JOE BERLIN'S ANSWER TO PLAINTIFFS' COMPLAINT</u>**

Come now, Jones County, Mississippi, and Sheriff Joe Berlin, by and through

counsel, and, in response to Plaintiffs' Complaint, would show unto the Court as

follows:

**<u>FIRST DEFENSE</u>**

Plaintiffs' Complaint fails to state a claim upon which any relief may be granted

and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

**<u>SECOND DEFENSE</u>**

Plaintiffs' Complaint fails to state facts against the answering defendants which

would rise to the level of a constitutional or statutory deprivation under the laws of the

United States, the Constitution of the United States, the laws of Mississippi, or the

Constitution of Mississippi.

### THIRD DEFENSE

Answering defendants specifically assert and invoke all the privileges available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

### FOURTH DEFENSE

Insofar as any state law claims are concerned, answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

### FIFTH DEFENSE

Sheriff Joe Berlin is entitled to qualified immunity as to the claims asserted against him in his individual capacity. More specifically, Sheriff Berlin would affirmatively aver that Plaintiffs' Complaint fails to allege a violation of a clearly established constitutional right, and that his conduct was objectively reasonable at all times.

### SIXTH DEFENSE

Answering defendants deny that they have been guilty of any actionable conduct whatsoever.

## SEVENTH DEFENSE

## ADMISSIONS AND DENIALS

And now, without waiving any defense heretofore or hereinafter set forth, answering defendants respond to the allegations of Plaintiffs' Complaint, paragraph by paragraph, as follows:

## COMPLAINT

### I.   PRELIMINARY STATEMENT

Answering defendants deny each and every allegation contained within Plaintiffs' Preliminary Statement, and would affirmatively aver that Plaintiffs are not entitled to any relief whatsoever.

### II.   JURISDICTION AND VENUE

1.      Without waiving any immunities, defenses, restrictions, or limitations, answering defendants admit this Court has jurisdiction over federal claims such as those asserted by Plaintiffs. Answering defendants deny the remaining allegations of paragraph 1 of Plaintiffs' Complaint.

2.      Without waiving any immunities, defenses, restrictions, or limitations, answering defendants admit this Court has jurisdiction over this matter as it involves federal claims. Answering defendants deny the remaining allegations of paragraph 2 of Plaintiffs' Complaint.

3.      Without waiving any immunities, defenses, restrictions, or limitations, answering defendants admit, upon information and belief, that venue is proper in this

Court. Answering defendants deny the remaining allegations of paragraph 3 of Plaintiffs' Complaint

4. Without waiving any immunities, defenses, restrictions, or limitations, answering defendants admit that this Court's pendent jurisdiction allows this Court to likewise address Plaintiffs' state law claims, if any. Answering defendants, however, would deny that Plaintiffs' state law claims may be tried by a jury. Answering defendants deny the remaining allegations of paragraph 4 of Plaintiffs' Complaint.

### III.  THE PARTIES

5. Answering defendants admit, upon information and belief, the allegations of paragraph 5 of Plaintiffs' Complaint.

6. Answering defendants admit, upon information and belief, the allegations of paragraph 6 of Plaintiffs' Complaint.

7. Answering defendants admit that Jones County is a political subdivision of the State of Mississippi, and that it may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Mississippi Tort Claims Act. Answering defendants deny the remaining allegations of paragraph 7 of Plaintiffs' Complaint.

8. The allegations of paragraph 8 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 8 of Plaintiffs' Complaint, as stated.

4

9.      The allegations of paragraph 9 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 9 of Plaintiffs' Complaint, as stated

10.     The allegations of paragraph 10 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 10 of Plaintiffs' Complaint, as stated.

11.     The allegations of paragraph 11 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 11 of Plaintiffs' Complaint, as stated.

12.     Answering defendants admit Joe Berlin is the duly-elected Sheriff of Jones County, Mississippi, and that he may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Mississippi Tort Claims Act. Answering defendants deny the remaining allegations of paragraph 12 of Plaintiffs' Complaint.

13.     The allegations of paragraph 13 of Plaintiffs' Complaint concern potential defendants other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 13 of Plaintiffs' Complaint.

## STATEMENT OF FACTS

### CIVIL RIGHTS VIOLATION NO. 1
(Unlawful Search)

14.     Answering defendants lack information sufficient to determine the truth of the allegations of paragraph 14 of Plaintiffs' Complaint, and, as such, deny the same.

15.     Answering defendants lack information sufficient to determine the truth of the allegations of paragraph 15 of Plaintiffs' Complaint, and, as such, deny the same.

16.      Answering defendants lack information sufficient to determine the truth of the allegations of paragraph 16 of Plaintiffs' Complaint, and, as such, deny the same, as stated.

### CIVIL RIGHTS VIOLATION NO. 2
(Unlawful Seizure)

17.     The allegations of paragraph 17 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same.

18.     The allegations of paragraph 18 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 18 of Plaintiffs' Complaint.

### CIVIL RIGHTS VIOLATION NO. 3
(Excessive Force)

19.     The allegations of paragraph 19 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary.

To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 19 of Plaintiffs' Complaint.

20.     The allegations of paragraph 20 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 20 of Plaintiffs' Complaint.

## CIVIL RIGHTS VIOLATION NO. 4
(Unlawful Search)

21.     The allegations of paragraph 21 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 21 of Plaintiffs' Complaint.

22.     The allegations of paragraph 22 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 22 of Plaintiffs' Complaint.

## CIVIL RIGHTS VIOLATION NO. 5
(Excessive Force)

23.     The allegations of paragraph 23 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 23 of Plaintiffs' Complaint.

24.    The allegations of paragraph 24 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 24 of Plaintiffs' Complaint.

## CIVIL RIGHTS VIOLATION NO. 6
### (Excessive Force)

25.    The allegations of paragraph 25 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 25 of Plaintiffs' Complaint.

26.    The allegations of paragraph 26 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 26 of Plaintiffs' Complaint.

27.    The allegations of paragraph 27 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 27 of Plaintiffs' Complaint.

## CIVIL RIGHTS VIOLATION NO.7
### (Unlawful Arrest)

28.    The allegations of paragraph 28 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary.

To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 28 of Plaintiffs' Complaint.

CIVIL RIGHTS VIOLATION NO. 8
(False Imprisonment)

29.     Answering defendants deny the allegations of paragraph 29 of Plaintiffs' Complaint, as stated.

30.     Answering defendants deny the allegations of paragraph 30 of Plaintiffs' Complaint, as stated.

31.     Answering defendants deny the allegations of paragraph 31 of Plaintiffs' Complaint, as stated.

32.     Answering defendants deny the allegations of paragraph 32 of Plaintiffs' Complaint.

CIVIL RIGHTS VIOLATIONS NO. 9 & 10
(Unlawful Seizure and Search)

33.     The allegations of paragraph 33 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 33 of Plaintiffs' Complaint.

34.     The allegations of paragraph 34 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 34 of Plaintiffs' Complaint.

35.     Answering defendants deny the allegations of paragraph 35 of Plaintiffs' Complaint.

36.     Answering defendants deny the allegations of paragraph 36 of Plaintiffs' Complaint.

37.     Answering defendants would state that the Mississippi Rules of Criminal Procedure speak for themselves. Answering defendants deny the remaining allegations of paragraph 37 of Plaintiffs' Complaint, as stated.

38.     Answering defendants would state that the Mississippi Rules of Criminal Procedure speak for themselves. Answering defendants deny the remaining allegations of paragraph 38 of Plaintiffs' Complaint, as stated.

39.     Answering defendants deny the allegations of paragraph 39 of Plaintiffs' Complaint.

## IV.     DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

40.     The allegations of paragraph 40 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 40 of Plaintiffs' Complaint.

41.     The allegations of paragraph 41 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same.

COUNT I
FOURTH AMENDMENT WARRANTLESS SEARCH
(Yates, Smith and Williams)

42.     The allegations of paragraph 42 of Plaintiffs' Complaint do not require a response. To the extent a response is deemed necessary, answering defendants would state the Fourth Amendment speaks for itself. Answering defendants deny the remaining allegations of paragraph 42 of Plaintiffs' Complaint.

43.     The allegations of paragraph 43 of Plaintiffs' Complaint do not require a response. To the extent a response is deemed necessary, answering defendants would state the Fourth Amendment speaks for itself. Answering defendants deny the remaining allegations of paragraph 43 of Plaintiffs' Complaint

44.     The allegations of paragraph 44 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 44 of Plaintiffs' Complaint.

45.     The allegations of paragraph 45 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same.

46.     Answering defendants deny the allegations of paragraph 46 of Plaintiffs' Complaint.

COUNT 2
FOURTH AMENDMENT UNLAWFUL SEIZURE
(Yates and Williams)

47.     Answering defendants deny the allegations of paragraph 47 of Plaintiffs'
Complaint.

48.     Answering defendants deny the allegations of paragraph 48 of Plaintiffs'
Complaint.

COUNT 3
FOURTH AMENDMENT UNLAWFUL SEARCH
(Yates)

49.     The allegations of paragraph 49 of Plaintiffs' Complaint are too vague for
answering defendants to provide a response, and, as such, answering defendants deny
the same.

50.     The allegations of paragraph 50 of Plaintiffs' Complaint concern
defendants other than answering defendants and, as such, a response is not necessary.
To the extent a response is deemed necessary, answering defendants deny the
allegations of paragraph 50 of Plaintiffs' Complaint.

51.     The allegations of paragraph 51 of Plaintiffs' Complaint concern a
defendant other than answering defendants and, as such, a response is not necessary.
To the extent a response is deemed necessary, answering defendants deny the
allegations of paragraph 51 of Plaintiffs' Complaint.

52.     Answering defendants deny the allegations of paragraph 52 of Plaintiffs'
Complaint.

12

COUNT 4
FOURTH AMENDMENT EXCESSIVE FORCE
(Yates)

53.     The allegations of paragraph 53 of Plaintiffs' Complaint do not require a response. To the extent a response is deemed necessary, answering defendants would state the Fourth Amendment speaks for itself. Answering defendants deny the remaining allegations of paragraph 53 of Plaintiffs' Complaint.

54.     The allegations of paragraph 54 of Plaintiffs' Complaint do not require a response. To the extent a response is deemed necessary, answering defendants would state the Fourth Amendment speaks for itself. Answering defendants deny the remaining allegations of paragraph 54 of Plaintiffs' Complaint.

55.     The allegations of paragraph 55 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same.

56.     The allegations of paragraph 56 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same Answering defendants.

57.     The allegations of paragraph 57 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same Answering defendants.

58.     The allegations of paragraph 58 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary.

13

To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 58 of Plaintiffs' Complaint.

59.     The allegations of paragraph 59 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same.

60.     Answering defendants deny the allegations of paragraph 60 of Plaintiffs' Complaint.

61.     Answering defendants deny the allegations of paragraph 61 of Plaintiffs' Complaint.

62.     Answering defendants deny the allegations of paragraph 62 of Plaintiffs' Complaint.

COUNT 5
FOURTH AMENDMENT EXCESSIVE FORCE
(Williams)

63.     The allegations of paragraph 63 of Plaintiffs' Complaint do not require a response. To the extent a response is deemed necessary, answering defendants would state the Fourth Amendment speaks for itself. Answering defendants deny the remaining allegations of paragraph 63 of Plaintiffs' Complaint.

64.     The allegations of paragraph 64 of Plaintiffs' Complaint do not require a response. To the extent a response is deemed necessary, answering defendants would state the Fourth Amendment speaks for itself. Answering defendants deny the remaining allegations of paragraph 64 of Plaintiffs' Complaint.

14

65.     The allegations of paragraph 65 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same.

66.     The allegations of paragraph 66 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same.

67.     The allegations of paragraph 67 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same.

68.     Answering defendants deny the allegations of paragraph 68 of Plaintiffs' Complaint.

69.     The allegations of paragraph 69 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same.

70.     The allegations of paragraph 70 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 70 of Plaintiffs' Complaint.

71.     Answering defendants deny the allegations of paragraph 71 of Plaintiffs' Complaint.

72.     Answering defendants deny the allegations of paragraph 72 of Plaintiffs' Complaint.

## COUNT 6
## FOURTH AMENDMENT UNLAWFUL SEIZURE
### (Yates, Williams and Smith)

73.     Answering defendants deny the allegations of paragraph 73 of Plaintiffs' Complaint.

74.     The allegations of paragraph 74 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same.

75.     The allegations of paragraph 75 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same.

76.     Answering defendants deny the allegations of paragraph 76 of Plaintiffs' Complaint.

## COUNT 7
## FOURTH AMENDMENT FALSE ARREST
### (Yates and Williams)

77.     The allegations of paragraph 77 of Plaintiffs' Complaint do not require a response. To the extent a response is deemed necessary, answering defendants would state the Fourth Amendment speaks for itself. Answering defendants deny the remaining allegations of paragraph 64 of Plaintiffs' Complaint.

78.     Answering defendants deny the allegations of paragraph 78 of Plaintiffs' Complaint.

79.     The allegations of paragraph 79 of Plaintiffs' Complaint concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 79 of Plaintiffs' Complaint.

COUNT 8
FAILURE TO INTERCEDE
(Williams)

80.     The allegations of paragraph 80 of Plaintiffs' Complaint state a legal conclusion subject to judicial determination. As such, answering defendants deny the allegations of paragraph 80 of Plaintiffs' Complaint, as stated.

81.     The allegations of paragraph 81 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 81 of Plaintiffs' Complaint.

82.     The allegations of paragraph 82 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 82 of Plaintiffs' Complaint.

83.     Answering defendants deny the allegations of paragraph 83 of Plaintiffs' Complaint.

84.     The allegations of paragraph 84 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 81 of Plaintiffs' Complaint.

COUNT 9
FAILURE TO INTERCEDE
(Yates)

85.     The allegations of paragraph 85 of Plaintiffs' Complaint state a legal conclusion subject to judicial determination. As such, answering defendants deny the allegations of paragraph 85 of Plaintiffs' Complaint, as stated.

86.     The allegations of paragraph 86 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 86 of Plaintiffs' Complaint.

87.     The allegations of paragraph 82 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 82 of Plaintiffs' Complaint.

88.     Answering defendants deny the allegations of paragraph 88 of Plaintiffs' Complaint.

89.     The allegations of paragraph 89 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary.

To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 89 of Plaintiffs' Complaint.

## COUNT 10
## FAILURE TO INTERCEDE
(Smith)

90.     The allegations of paragraph 90 of Plaintiffs' Complaint state a legal conclusion subject to judicial determination. As such, answering defendants deny the allegations of paragraph 90 of Plaintiffs' Complaint, as stated.

91.     The allegations of paragraph 91 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 91 of Plaintiffs' Complaint.

92.     Answering defendants deny the allegations of paragraph 92 of Plaintiffs' Complaint.

## COUNT 11
## FAILURE TO INTERCEDE
(Driskell)

93.     The allegations of paragraph 93 of Plaintiffs' Complaint state a legal conclusion subject to judicial determination. As such, answering defendants deny the allegations of paragraph 93 of Plaintiffs' Complaint, as stated.

94.     The allegations of paragraph 94 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary.

To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 94 of Plaintiffs' Complaint.

95.    The allegations of paragraph 95 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 95 of Plaintiffs' Complaint.

COUNT 12
FAILURE TO INTERCEDE
(Berlin)

96.    Answering defendants deny the allegations of paragraph 96 of Plaintiffs' Complaint, as stated.

97.    Answering defendants lack information sufficient to determine the truth of the allegations of paragraph 97 of Plaintiffs' Complaint, and, as such, deny the same.

98.    The allegations of paragraph 98 of Plaintiffs' Complaint appear to concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 98 of Plaintiffs' Complaint.

99.    Answering defendants deny the allegations of paragraph 99 of Plaintiffs' Complaint.

100.    Answering defendants deny the allegations of paragraph 100 of Plaintiffs' Complaint.

20

101.    Answering defendants deny the allegations of paragraph 101 of Plaintiffs' Complaint.

102.    The allegations of paragraph 102 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same.

103.    Answering defendants deny the allegations of paragraph 103 of Plaintiffs' Complaint.

104.    The allegations of paragraph 104 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same.

105.    Answering defendants lack information sufficient to determine the truth of the allegations of paragraph 105 of Plaintiffs' Complaint, and, as such, deny the same.

106.    Answering defendants deny the allegations of paragraph 106 of Plaintiffs' Complaint.

107.    The allegations of paragraph 107 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same.

108.    Answering defendants lack information sufficient to determine the truth of the allegations of paragraph 108 of Plaintiffs' Complaint, and, as such, deny the same.

109.    Answering defendants lack information sufficient to determine the truth of the allegations of paragraph 109 of Plaintiffs' Complaint, and, as such, deny the same.

110.     Answering defendants deny the allegations of paragraph 110 of Plaintiffs' Complaint.

111.     Answering defendants deny the allegations of paragraph 111 of Plaintiffs' Complaint.

112.     Answering defendants deny the allegations of paragraph 112 of Plaintiffs' Complaint.

COUNT 13
MONELL CLAIM

113.     Answering defendants deny the allegations of paragraph 113 of Plaintiffs' Complaint.

114.     The allegations of paragraph 114 of Plaintiffs' Complaint are too vague for answering defendants to provide a response, and, as such, answering defendants deny the same.

115.     Answering defendants deny the allegations of paragraph 115 of Plaintiffs' Complaint.

116.     Answering defendants deny the allegations of paragraph 116 of Plaintiffs' Complaint.

117.     Answering defendants deny the allegations of paragraph 117 of Plaintiffs' Complaint.

118.     Answering defendants deny the allegations of paragraph 118 of Plaintiffs' Complaint.

119.     Answering defendants lack information sufficient to determine the truth of the allegations of paragraph 119 of Plaintiffs' Complaint, and, as such, deny the same.

120.     Answering defendants deny the allegations of paragraph 120 of Plaintiffs' Complaint.

121.     Answering defendants deny the allegations of paragraph 121 of Plaintiffs' Complaint, as stated.

122.     Answering defendants deny the allegations of paragraph 122 of Plaintiffs' Complaint, as stated.

123.     Answering defendants deny the allegations of paragraph 123 of Plaintiffs' Complaint, as stated.

124.     Answering defendants deny the allegations of paragraph 124 of Plaintiffs' Complaint, as stated.

125.     Answering defendants deny the allegations of paragraph 125 of Plaintiffs' Complaint.

## V.  DAMAGES

126.     Answering defendants deny the allegations of paragraph 126 of Plaintiffs' Complaint.

127.     Answering defendants deny the allegations of paragraph 127 of Plaintiffs' Complaint, and would affirmatively aver that Plaintiffs are not entitled to any relief whatsoever.

**PRAYER FOR RELIEF**

As for the last unnumbered paragraph which commences "WHEREFORE, Plaintiffs . . . ," answering defendants deny each and every allegation contained therein, including those within subparagraphs 1 through 6, and would affirmatively aver that Plaintiffs are not entitled to any relief whatsoever.

**EIGHTH DEFENSE**

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

**NINTH DEFENSE**

Answering defendants allege that they have met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incident in question.

**TENTH DEFENSE**

Answering defendants allege that Plaintiffs' claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

**ELEVENTH DEFENSE**

Plaintiffs are not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned. Additionally, answering defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same

being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)     The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)     The procedures fail to provide a limit on the amount of the award against the defendant.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)     The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)     The procedures permit multiple awards of punitive damages for the same alleged act.

(g)     The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)     The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)    The standard of conduct upon which punitive damages are sought is vague.

## TWELFTH DEFENSE

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994) as a defense to the extent it is applicable to any of Plaintiffs' claims.

## THIRTEENTH DEFENSE

Plaintiffs' Complaint contains impermissible "shotgun" claims asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Alexander v. Hall*, No. 4:20-cv-21-DMB-JMV, 2021 WL 800840, at *3 (N.D. Miss. Mar. 2, 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)). As such, Plaintiffs' Complaint runs afoul of Rule 8 of the Federal Rules of Civil Procedure, and must be dismissed. *See, e.g.*, *Thomas v. Univ. of Mississippi*, No. 3:18-CV-00062-GHD-RP, 2018 WL 6613807, at *5 (N.D. Miss. Dec. 17, 2018).

## FOURTEENTH DEFENSE

Answering defendants, to the extent applicable, adopt and incorporate all affirmative defenses asserted by any other co-defendant, whether current or future.

## FIFTEENTH DEFENSE

Plaintiffs' *Monell*[1] claims cannot proceed past the pleading stage as their descriptions of alleged policies, practices, and customs and their relationship(s) to the alleged underlying constitutional violations are conclusory and are lacking specific facts.

## SIXTEENTH DEFENSE

The Jones County Sheriff's Department is not a municipality or any other governmental entity.

## SEVENTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

## EIGHTEENTH DEFENSE

Any allegations contained in Plaintiffs' Complaint which are not specifically admitted, are hereby denied.

And now, having answered Plaintiffs' Complaint filed against them, answering defendants request that the same be dismissed, and that they be discharged with costs assessed against the Plaintiffs.

**DATE:** **May 17, 2023.**

---

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

Respectfully submitted,

**JONES COUNTY, MISSISSIPPI, AND
SHERIFF JOE BERLIN**

BY:      */s/ Lance W. Martin*
              One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for defendants Jones County, Mississippi, and Sheriff Joe Berlin, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiffs' Complaint with the Clerk of the Court using the ECF system, which gave notification of the same to:

>Matthew W. Lawrence, Esq.
>525 N. Main Street
>Hattiesburg, MS 39401
>mattlawrencelawfirm@gmail.com
>
>Michael V. Cory, Jr., Esq.
>Christian Medina, Esq.
>DANKS MILLER & CORY
>123 South Lamar Street
>Jackson, Mississippi 39201
>mc@dmclaw.net
>cmedina@dmclaw.net
>   *Attorneys for Plaintiff*

This, the 17th day of May, 2023.

>                    */s/ Lance W. Martin*
>                    OF COUNSEL